**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT     **ADOPTION ORDER**
COOPERATION, PENSION AND WELFARE      15-CV-5687 (ADS)(AYS)
FUNDS,

                Petitioner,

      -against-

VESCON CONSTRUCTION, INC.,

                Respondent.
----------------------------------------------------------X
**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiff*
40 Broad Street, 7th Floor
New York, NY 10004
      By: Charles R. Virginia, Esq.
          Elina Burke, Esq.
          Nicole Marimon, Esq., Of Counsel

**SPATT, District Judge**.

On October 1, 2015, the Petitioner Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Petitioner") commenced this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, seeking to confirm an August 26, 2015 Collection Award (the "Award") and Order rendered pursuant to a collective bargaining agreement between the Northeast Regional Council of Carpenters and Respondent Vescon Construction, Inc. (the "Respondent").

1

On November 12, 2015, the Petitioner moved for a default judgment, or alternatively to confirm the Award.

On November 13, 2015, the Court referred the Petitioner's motion to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On August 17, 2016, Judge Shields issued a report (the "R&R") recommending that:

> (1) a default judgment is warranted and should be GRANTED against Defendant Vescon Construction, Inc.; (2) Plaintiffs' request of $27,519.12 for unpaid contributions be GRANTED; (3) Plaintiffs' request of $4,550.82 for interest on late contributions be GRANTED; (4) Plaintiffs' request of $8,085.73 for interest on unpaid contributions be GRANTED; (5) Plaintiffs' request of $5,503.82 for liquidated damages be GRANTED; (6) Plaintiffs' request of $1330.00 for audit fees be GRANTED; (7) Plaintiffs' request for attorneys' fees of $2100.00 be GRANTED; and (8) Plaintiffs be awarded a total of $515.61 in other costs.

(See R&R at 5–6.)

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment against the Respondent and for the Petitioner in accordance with the R&R, and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
September 30, 2016

                                             _Arthur D. Spatt_
                                             ARTHUR D. SPATT
                                          United States District Judge